IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YVONNE SANCHEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>WELLS FARGO BANK, N.A.<br><br>*Defendant*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 5:20-cv-551 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Wells Fargo Bank, N.A., Trustee for the Pooling and Servicing Agreement Dated as of April 1, 2005 Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ2, ("Wells Fargo"), Defendant, removes this action from the 288th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

### I.    STATE COURT ACTION

On April 17, 2020, Plaintiff Yvonne Sanchez ("Plaintiff") filed her Original Petition in the 288th Judicial District Court, Bexar County, Texas, styled: *Yvonne Sanchez v. Wells Fargo Bank, N.A.*, Cause No. 2020CI07284 (the "State Court Action").

In the State Court Action, Plaintiff alleges that the foreclosure sale of the real property commonly known as 12030 Sunburst Lane, San Antonio, Texas 78230 (the "Property") was wrongful because the statute of limitations to foreclose has expired. *See* Compl. p. 2-3. Plaintiff also alleges statutory fraud and requests a declaration that the foreclosure sale is invalid because of the statute of limitations. *Id.* Based on this allegation, Plaintiff asserts causes of action for

wrongful foreclosure and statutory fraud and seeks to quiet title. *Id.* p. 3. Plaintiff also seeks injunctive relief, actual damages, interest, and attorneys' fees.

Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II. PROCEDURAL REQUIREMENTS

This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

The United States District Court for the Western District of Texas, San Antonio Division, has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

| | | |
|---|---|---|
| **Exhibit A** | Civil Cover Sheet and Supplemental Cover Sheet |
| **Exhibit B** | State Court Docket Sheet and State Court File |
| **Exhibit C** | Bexar County Appraisal District Records for the Property |

In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 288th Judicial District Court, Bexar County, Texas pursuant to 28 U.S.C. § 1446(d).

## III. DIVERSITY JURISDICTION

Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the

**NOTICE OF REMOVAL** **PAGE 2**
82850337v.1

same state as Defendant.  Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

    **A.**    **THE PARTIES ARE COMPLETELY DIVERSE.**

Plaintiff is a natural person, so her citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Bexar County, Texas.  *See* Compl. ¶ 2.  Therefore, Plaintiff is a citizen of Texas for diversity purposes.

Wells Fargo is a national banking association organized under federal law.  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Under its articles of association, Wells Fargo's main office is located in South Dakota.  Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.  28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

Because Plaintiff and Defendant are citizens of different states, there is complete diversity between the parties.  *See* 28 U.S.C. § 1332(c)(1).

    **B.**    **AMOUNT IN CONTROVERSY**

Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy

more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Where, as here, "'the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 F. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012); *see also Lindsey v. JPMorgan Chase Bank Nat. Ass'n*, No. 3:12-CV-4535, 2013 WL 2896897, at *16 (N.D. Tex. June 13, 2013) ("[W]here the plaintiff puts the title to property in dispute, the value of the property is the proper measure of the amount in controversy.").

In addition, the Court may also consider actual damages, exemplary damages and attorney's fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that

when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks a declaration that Defendant's lien on the Property is void, and as a result, the entire value of the Property is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortg. LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48. According to the Bexar County Appraisal District, the current market value of the Property is $345,160.[1] In addition, Plaintiff seeks damages "in excess of $200,000." Thus, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

### IV.   CONCLUSION

---

[1] Attached as Exhibit C is a true and correct copy of the Bexar County Appraisal District tax assessed market valuation of the Property. The tax assessed value is not meant to show the true fair market value, but rather to establish that the property value likely exceeds $75,000. Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of Exhibit C.

WHEREFORE, Defendant removes this action from the 288th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Jennifer McCammon*
**B. David L. Foster**
  State Bar No. 2403155
  dfoster@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)

**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**Jennifer McCammon**
  State Bar No. 24101983
  Jennifer.mccammon@lockelord.com
LOCKE LORD LLP
JPMorgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel via ECF pursuant to the Federal Rules of Civil Procedure on May 5, 2020.

  Elizabeth Russell
  The Law Office of Albert Van Cleave III, PLLC
  1520 W Hildebrand
  San Antonio, Texas 78201
  Elizabeth_R@vancleavelegal.com
  *Counsel for Plaintiff*

             /s/ *Jennifer McCammon*
             Jennifer McCammon